# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANNETTE SIMPKINS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 23-20973 |
| v. | : | |
| ROSALIND PARKER | : | MEMORANDUM ORDER |
| Defendant. | : | |

This matter has come before the Court on Plaintiff's second Motion for Default Judgment [Dkt. No. 9] against Defendant Rosalind Parker. In a May 29, 2024 Memorandum Order, the Court denied Plaintiff's first motion for default judgment because the motion was both procedurally and substantively deficient. Plaintiff has failed to adhere to the Court's instructions. [*See Memorandum Order*, Dkt. No. 8].

Plaintiff's motion for default judgment must be denied, as the Plaintiff has failed to comply with the procedural requirements of Federal Rule of Civil Procedure 55.[1]

---

[1] Rule 55, Default, provides:
    (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
    (b) Judgment. Judgment by default may be entered as follows:
        (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
        (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Before parties may move for default judgment pursuant to Rule 55(b), they must have the Clerk enter default pursuant to Rule 55(a). *DeTore v. Local No. 245 of the Jersey City Pub. Employees Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("[N]o default *judgment* may be entered under Fed. R. Civ. P. 55(b) ... unless a *default* has previously been entered by the clerk under 55(a)."). Thus, Rule 55 contemplates a two-step process: first, the entry of default, then if the defendant fails to seek vacation of default, the granting of a subsequent motion for default judgment. This two-step process complements the Third Circuit's policy of disfavoring default judgments and encouraging decisions on the merits. *Harad v. Aetna Casualty and Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (citations omitted); *United States v. $55, 518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, although entry of default is a prerequisite to obtaining a default judgment under Federal Rule of Civil Procedure 55(b)(1) or 55(b)(2), no default had been entered because Plaintiff has not filed any application with the Clerk of the Court for entry of default. <u>See</u> 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682 (1998).

In addition, the Court notes that the Plaintiff's request for entry of default should be accompanied by an affidavit proving service of the summons and complaint upon Defendant and an affidavit of non-military service. Plaintiff should also demonstrate that the Court has personal and subject matter jurisdiction over the Defendant, Rosalind Parker. *Prudential Ins. Co. of Am. v. Bramlett*, 2010 WL 2696459, *1 (D.N.J. July 6, 2010) ("Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties."); *see also Mark IV Transportation & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x

103, 108 (3d Cir. 2017) (distinguishing the court's role on default judgment from asserting a defense on behalf of a litigant).

Accordingly, IT IS ORDERED on this 24th July, 2024 that Plaintiff's motion for default judgment [9] is hereby DENIED without prejudice.

s/ Joseph H. Rodriguez<br>
HON. JOSEPH H. RODRIGUEZ, U.S.D.J.