**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ANNETTE SIMPKINS, <br><br> Plaintiff, <br><br> v. <br><br> ROSALIND PARKER, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 1:23-cv-20973-KMW-AMD <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Annette Simpkins' ("Plaintiff") unopposed Motion for Default Judgment (Dkt. No. 20) and the Court's *sua sponte* Order to Show Cause (Dkt. No. 23) requiring Plaintiff to sufficiently allege the basis for this Court to exercise subject-matter jurisdiction.

**WHEREAS**, "Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond." *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *3 (D.N.J. Apr. 20, 2021) (citing *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Id.* (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005)); and

**WHEREAS**, "[t]he entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz*

*v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (stating that "this court does not favor entry of defaults and default judgments" and noting the court's preference that cases be decided on the merits); and

**WHEREAS**, default judgment may be entered "only if the plaintiff's factual allegations establish the right to the requested relief." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotation marks omitted). To that end, the Court must determine: (1) whether it has jurisdiction over both the subject matter and the parties; (2) whether Plaintiff produced sufficient proof of valid service; (3) whether the unchallenged facts present a sufficient cause of action; and (4) whether the plaintiff has proved damages. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015); *Tri-Union Seafoods, LLC*, 2021 WL 1541054, at *3; *Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.*, No. 11–7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012); and

**WHEREAS**, even if default judgment is permissible, the Court must weigh the following three factors to determine whether default judgment is proper: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. *See Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-2164, 2011 WL 42889, at *5 (D.N.J. Jan. 6, 2011) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); and

**WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court

2

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); and

**WHEREAS**, Plaintiff bears the burden of persuasion to convince the Court it has subject-matter jurisdiction, *see Gould Elec., Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977, at *1 (3d Cir. Feb. 16, 2024). To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a *citizen* of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1; and

**WHEREAS**, "mere residency in a state is insufficient for purposes of diversity [of citizenship]." *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)); and

**WHEREAS**, here, Plaintiff does not allege any violation of federal law or the Constitution of the United States to support subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, (*see generally* Compl.); and

**WHEREAS**, Plaintiff asserts that this Court has subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, (*see* Diversity Disclosure Statements, Dkt. Nos. 2, 22); and

**WHEREAS**, Plaintff's Complaint alleges only that Defendant Rosalind Parker ("Defendant") resides in the State of Texas, not that Defendant is a domiciliary or citizen of the State of Texas, (Compl. ¶ 2; *see* Certification of Mark S. Cherry, Esq., ¶ 6, Dkt. No. 20-2); *see McNair*, 672 F.3d at 219 n.4; *Krasnov*, 465 F.2d at 1300; and

3

**WHEREAS**, this Court issued a Text Order on October 8, 2025, directing *Plaintiff* to "submit an Amended Diversity Disclosure Statement to the Court to inform the Court of *Defendant's* state of *domicile* and *citizenship*," (Dkt. No. 21); and

**WHEREAS**, on October 14, 2025, Plaintiff submitted a Diversity Disclosure Statement (Dkt. No. 22) which averred only that Plaintiff is a citizen of New Jersey, and which did not aver that Defendant is a domiciliary and citizen of Texas; and

**WHEREAS**, on November 24, 2025, the Court entered an Order to Show Cause (Dkt. No. 23) requiring Plaintiff to submit an Amended Diversity Disclosure Statement alleging Defendant's state of domicile and citizenship to establish that the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; and

**WHEREAS**, to date, Plaintiff has not responded to the Court's Order to Show Cause (Dkt. No. 23) or otherwise averred that Defendant is a domiciliary and citizen of Texas or of any state other than New Jersey; and

**THE COURT FINDING** that Plaintiff has failed to satisfy her burden of demonstrating that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff has failed to aver that Defendant is a domiciliary and citizen of Texas, or was at the time the Complaint was filed, *see Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (holding "[d]iversity of citizenship must have existed at the time the complaint was filed."); and

**WHEREAS**, "[o]n a motion for default judgment, the Court takes as true all well-pleaded jurisdictional allegations in the Complaint to assess whether Plaintiff [ ] ha[s] made a prima facie showing of personal jurisdiction." *Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *3 (D.N.J. Aug. 12, 2022) (citing *Allaham v. Naddaf*, 635 F. App'x 32, 36–37 (3d Cir. 2015)); and

4

**WHEREAS**, Plaintiff has not submitted a brief in support of her Motion for Default Judgment (Dkt. No. 20) analyzing the factors the Court is to consider in determining whether default judgment is proper, *i.e.*, prejudice to Plaintiff, whether Defendant has a meritorious defense, and Defendant's culpability in the delay. *See Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-2164, 2011 WL 42889, at *5 (D.N.J. Jan. 6, 2011) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). Nor do Plaintiff's Complaint, certifications, and exhibits clearly demonstrate the grounds for this Court to exercise personal jurisdiction over Defendant. *See Allaham*, 635 F. App'x at 36–37; *Victory's Dawn, Inc.*, 2022 WL 3402491, at *3; and

**WHEREAS**, as previously stated, Plaintiff is entitled to default judgment neither as a matter of course nor as a matter of right. *See HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *1 (D.N.J. Jan. 22, 2015). It is incumbent upon Plaintiff to demonstrate, among other things, that her Complaint entitles her to the relief she seeks. *See Great Lakes Ins. SE v. Ross*, No. 21-17308, 2023 WL 372788, at *5 (D.N.J. Jan. 24, 2023). Simply stated, the Court declines to do Plaintiff's work for her.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

**IT IS** this 10th day of **December 2025**, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. No. 20) is **DENIED WITHOUT PREJUDICE** to Plaintiff's right to file a renewed Motion for Default Judgment accompanied by: (1) a brief that properly discusses and applies the standards of law governing the entry of default judgment; and (2) any certifications or exhibits necessary to establish the grounds for this Court's exercise of subject-matter and personal jurisdiction.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE